**Dismissed and Denied; Opinion Filed April 27, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00204-CV**

**IN RE THE CITY OF MESQUITE, TEXAS, BRUCE ARCHER IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF MESQUITE, ET AL, Relators**

**Original Proceeding from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 104439-CC2**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Reichek
Opinion by Justice Reichek

Before the Court is relators' February 18, 2020 petition for writ of mandamus.

In their petition, relators complain of the trial court's February 14, 2020 amended temporary restraining order. Relators additionally ask this Court to consider their jurisdictional and venue challenges.

The parties now agree that the amended TRO has expired by its own terms. Accordingly, we dismiss the petition as moot to the extent it challenges the amended TRO. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig.

proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings.").

To the extent the petition seeks relief regarding relators' jurisdictional and venue challenges, relators have not shown their entitlement to mandamus relief. For mandamus to lie, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "[I]t is premature to seek a writ of mandamus without the trial court first ruling on the very matters upon which relief is sought." *In re Tunad Enterprises, Inc.*, No. 05-18-01157-CV, 2018 WL 4959418, at *1 (Tex. App.—Dallas Oct. 15, 2018, org. proceeding) (mem. op.). Based on the record before us, we conclude that the trial court has not yet ruled on relators' plea to jurisdiction or motion to transfer venue. Accordingly, we deny this portion of relators' petition for writ of mandamus as premature. *See* TEX. R. APP. P. 52.8(a).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200204F.P05

–2–